McFARLAND <em>vs.</em> GILCHRIST and others.

1. A mortgage given by a husband and wife, in trust for the wife, to secure to her money alleged to have been loaned by her to her husband out of her separate estate, held to be a lien on the mortgaged premises, in the hands of an assignee for value, subsequent to a junior mortgage by the same parties.

2. The assignee, in such case, has no higher equity against the junior mortgagee, than the trustee and her *cestui que trust.*

*Mr. A. T. McGill,* for complainant.

*Mr. Fleming,* for defendant, Walker.

THE VICE-CHANCELLOR.

John A. Faulkner and Jesse his wife, made their mortgage of August 20th, 1870, for $3400, to Mary Dixon, in trust for the said Jesse. They allege it to have been given to secure to the latter moneys lent by her to her husband, several years before, out of her separate estate. It was put on record August 31st, 1870. On the 20th of September, 1870, they made another mortgage to Peter Walker, for $3200, which was put on record September 23d, 1870.

By an assignment of July 20th, 1871, Mary Dixon transferred the mortgage given to her to William W. McFarland (Faulkner and wife consenting thereto) to secure the sum of $2500. The bill of McFarland, the complainant, is to foreclose this mortgage. Peter Walker, in his answer and cross-bill, attacks the mortgage to Mary Dixon as voluntary, without consideration, and void as to creditors.

The only doubt I have had as to what decree should be made in the case, has been upon the question whether, under the circumstances disclosed by the evidence, McFarland stood upon better ground, in respect to Walker's mortgage, than Mrs. Dixon, or her *cestui que trust.* I am clear that he does not. The rule that a mortgage is taken by an assignee, subject to all equities against the assignor, is applicable in this case. Under the evidence, the mortgage given to secure Mrs. Faulkner, cannot be held to be good in Mrs. Dixon's hands, against the mortgage of Walker. The latter mortgage is a prior lien. Her mortgage was assigned to McFarland to secure a debt due him from her husband, and the assignment gives McFarland no higher equity, as against Walker, than the equity of Mrs. Dixon and her *cestui que trust.*

I will advise accordingly.